**United States District Court**
**District of Massachusetts**

```
                                    )
CAROLINE DELIA,                     )
          Plaintiff,                )
                                    )
          v.                        )     Civil Action No.
                                    )     08-10054-NMG
VERIZON COMMUNICATIONS, INC.,       )
MALVERN SMALLWOOD and VERIZON       )
DIRECTORIES SERVICES, EAST,         )
Inc.,                               )
          Defendants.               )
                                    )
```

**MEMORANDUM & ORDER**

GORTON, J.

In this case, plaintiff Caroline DeLia ("DeLia") claims that she was constructively discharged from her job in Middleton, Massachusetts at Idearc Media Services, Inc. ("Idearc") due to the alleged inappropriate conduct of her supervisor, Malvern Smallwood ("Smallwood").[1]  Idearc is apparently a wholly-owned subsidiary of Verizon Communications, Inc. ("Verizon"). Defendants Verizon and Idearc have moved for summary judgment.

I.   **Background**

A.   **Facts**

DeLia alleges that she was an employee of both corporate defendants for approximately 16 years.  Verizon administered her

---

[1] Idearc was formerly known as Verizon Directories Services - East, Inc.

-1-

benefits and Idearc paid her wages (as represented on her W-2
Forms), employment taxes and employer contributions to her
benefits, although Verizon's logo appeared on her paychecks.  At
all times relevant to this lawsuit, the two corporate entities
maintained separate bank accounts, payrolls and accounting
records.  The parties dispute whether DeLia was an employee of
Verizon or Idearc and whether her co-workers held themselves out
to be employees of Verizon.

This case arises out of DeLia's claim that on several
occasions while she was at work, defendant Smallwood threatened
and sexually harassed her.  Purportedly pursuant to Verizon's
Code of Business Conduct, which expressly applies to Verizon's
subsidiaries and prohibits sexual harassment, she reported his
conduct to several of her superiors and human resources
representatives.

DeLia asserts that the corporate defendants did not respond
adequately when she complained of Smallwood's conduct.  Although
her desk was moved thirty feet farther away from Smallwood's
desk, her request to be allowed to work from home was denied.
Ultimately, DeLia considers herself to have been
"constructive[ly] discharge[d]" from her employment on or about
September 12, 2005, due to Smallwood's behavior and the other
defendants' failure to provide reasonable accommodation and a
workplace free from harassment and danger.  At that time, she

stopped working and began receiving short-term disability ("STD")
benefits until they were exhausted on November 10, 2006, after
which DeLia was formally terminated from her employment.

**B.   Procedural History**

After this case was removed from the Massachusetts Superior
Court for Essex County to this Court, DeLia filed a second
amended complaint against Verizon, Idearc and Smallwood alleging
employment discrimination in violation of M.G.L. c. 151B, § 4
(Count I); discrimination on the basis of sex in violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2
(Count II); intentional infliction of emotional distress (Count
III); negligence for failure to provide a safe working
environment (Count IV) and negligent infliction of emotional
distress (Count V).  At a status conference held on May 1, 2009,
the Court allowed DeLia to amend her complaint to add three more
claims against Verizon and Idearc: retaliation in violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e et
seq. (Count VI), violation of the Americans with Disabilities Act
of 1990 ("The ADA"), 42 U.S.C. § 12101 et seq. (Count VII) and
breach of contract (Count VIII).

In December, 2008, Verizon and Idearc filed a motion for
summary judgment on the grounds that 1) Verizon, as the parent
company of Idearc, is not DeLia's employer and is not liable to
her for any of the actions or omissions she alleges and 2) the

-3-

common law claims contained in Counts III, IV and V are preempted by statute.  That motion was later supplemented, after the filing of the third amended complaint.  The defendants now seek summary judgment on the additional grounds that 1) Count VI must fail because DeLia was allegedly terminated as a result of her claim of total disability, not her sexual harassment claim, 2) Count VII must fail because it is time-barred and Delia is not a qualified disabled person covered by the ADA and 3) Count VIII is preempted by statute.

DeLia responded initially by filing a motion pursuant to Fed. R. Civ. P. 56(f) for limited discovery to obtain facts essential to her opposition to the motion for summary judgment. The Court denied that Rule 56(f) motion, see DeLia v. Verizon Commc'ns, Inc., No. 08-10054-NMG, 2009 WL 1975967 (D. Mass. June 29, 2009), and thereafter DeLia submitted her opposition to the defendants' motion for summary judgment.

In addition, after the filing of the motion for summary judgment, on April 7, 2009, Idearc filed a notice with the Court stating that it has filed a voluntary petition for bankruptcy which operates as a stay of DeLia's action against it.  See 11 U.S.C. § 362(a).  Therefore, although the case will proceed with respect to the other parties, see Austin v. Unarco Indus., Inc., 705 F.2d 1, 4 (1st Cir. 1983) ("[T]he automatic stay provisions of 11 U.S.C. § 362(a) apply only to the bankrupt debtor."), the

Court considers the pending motion for summary judgment only with respect to Verizon.

## II.  Legal Analysis

### A.  Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991), quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990).  The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted." Id.  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the

-5-

entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor.  O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### 2.  Application

In its motion for summary judgment, Verizon argues that it is not DeLia's employer and, as such, cannot be liable on any of the counts against it.  Verizon claims that DeLia worked directly for Idearc which DeLia mistakenly alleges was one of Verizon's divisions.  Verizon asserts that, in fact, it was merely Idearc's parent corporation, four times removed.[2]  Moreover, it asserts that in November, 2006, Idearc was spun off from Verizon along with another subsidiary and formed a new entity.[3]  Therefore, Verizon argues that it is shielded from liability because there is a well-established presumption that parent corporations are not liable for the acts of their subsidiaries.  See Scott v. NG

---

[2] Verizon contends that Idearc was "a wholly-owned subsidiary of Verizon Directories Corp. ... which was a wholly-owned subsidiary of Verizon Information ... which was a wholly-owned subsidiary of GTE Corporation, which was (and is) a wholly-owned subsidiary of Verizon."

[3] That fact seems irrelevant, however, because the alleged harassment and related acts and omissions at issue in this case occurred prior to 2006.

-6-

U.S. 1, Inc., 881 N.E.2d 1125, 1131 (Mass. 2008).  That presumption is overcome only if a plaintiff can pierce the corporate veil, i.e. demonstrate the parent company's misuse of the corporate form.  Such a demonstration, which involves a fact-sensitive inquiry, cannot, Verizon argues, be accomplished by DeLia.  Id.

DeLia makes no argument with respect to veil piercing.  She responds to the motion for summary judgment first by arguing that Verizon was her direct employer and not merely the parent company of her employer.  In support of that claim, she points to the facts that Verizon administered her benefits, enforced its Code of Business Conduct at her place of employment and placed its logo on her paychecks and building access/work identification card.

Whether an employment relationship exists for the purpose of Title VII and M.G.L. c. 151B depends heavily upon whether the alleged employer "controls the manner and means by which the worker completes her tasks." Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica, 361 F.3d 1, 7 (1st Cir. 2004) (internal quotation marks omitted); Baldwin v. Pilgrim Nuclear Power Station, 529 F. Supp. 2d 204, 210 (D. Mass. 2008); Modern Cont'l/Obayashi v. Mass. Comm'n Against Discrimination, 833 N.E.2d 1130, 1138 (Mass. 2005).  Verizon's administration of DeLia's benefits and use of its logo on her paychecks and access/

-7-

identification card do not constitute evidence of such control.
With respect to the Code of Business Conduct, that document
explicitly states that

> Verizon and its subsidiaries have adopted this [Code]
> to ensure compliance with applicable legal and ethical
> requirements.  Verizon does not supervise or control
> the employment terms and conditions of its
> subsidiaries.

Moreover, it addresses only general work policies on issues such
as discrimination, harassment, health and safety, conflicts of
interest, protection of company property, exchanges of business
courtesies and anti-trust requirements.  Thus, the Code limits
what the people bound by it may do but it does not command the
specific way in which those people must do their job.  As such,
it does not give Verizon the kind of control that is generally
exercised by an "employer" as envisioned by Title VII and M.G.L.
c. 151B.  That fact, particularly when coupled with the fact that
Idearc and not Verizon represented itself to the United States
government as DeLia's employer on her W-2 Forms, persuades the
Court that Verizon is not DeLia's employer.

DeLia also argues that, even if Verizon is not her direct
employer, it ought to be held liable under a theory of common law
negligence for its own acts in providing services to Idearc as
its subsidiary.  She claims that Verizon negligently developed
(and failed to enforce properly) policies and procedures that
governed the work place in which she suffered harassment.

-8-

In support of that argument, DeLia cites <u>Batcheldr</u> v. <u>Borden, Inc.</u>, No. 892201, 1994 WL 879586 (Mass. Super. Ct. Oct. 4, 1994), in which an employee was allowed to recover damages from his employer's parent company after injuring his thumb in a printing press at work.  In that case, the court held that a corporate parent could be found liable to an injured employee of its subsidiary if it 1) had provided guidelines to the subsidiary that caused a dangerous condition or situation, 2) had been aware of an unsafe condition and taken inadequate safety precautions or 3) had negligently provided safety assistance which was relied upon by the subsidiary.  <u>Id.</u> at *4.

That case is not supportive of DeLia's position because none of the three cited conditions exists here.  DeLia does not offer any tangible evidence that 1) Verizon's Code of Business Conduct (or any other Verizon guideline) caused DeLia's harassment, 2) Verizon was aware of Smallwood's conduct or 3) Verizon was negligent in providing its Code of Business Conduct to Idearc or in any other way.  Indeed, there is no "proof of a positive undertaking by [Verizon]" to ensure a safe working environment at Idearc and, therefore, Verizon cannot be held liable for any alleged unsafe conditions there.  <u>See</u> <u>Muniz</u> v. <u>Nat'l Can Corp.</u>, 737 F.2d 145, 148 (1st Cir. 1984).  Accordingly, Verizon is entitled to summary judgment.

**ORDER**

In accordance with the foregoing, the motion for summary judgment (Docket No. 25) is, with respect to Verizon Communications, Inc., **ALLOWED**.  The case remains stayed with respect to defendant Idearc Media Services and will proceed against defendant Malvern Smallwood.

**So ordered.**

                                     /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge
Dated September 15, 2009

-10-